UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                                  Criminal Case No. 12-20218
v.                                                  Civil Case No. 16-12986
                                                  Hon. Sean F. Cox

D-5 Adriane Foster,

    Defendant/Petitioner.

_____/

**OPINION & ORDER
DENYING § 2255 MOTION AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY**

In Criminal Case Number 12-20218, Petitioner Adriane Foster ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to two counts of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1915, and two counts of Using or Carrying a Firearm During and in Relation to a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c). (Doc. # 96, Rule 11 Plea Agreement). This Court sentenced Petitioner to a total term of 240 months.

The matter is now before the Court on Petitioner's *pro se* Motion to Vacate Sentence, (Doc. # 399, Pet. Br.), brought pursuant to 28 U.S.C. § 2255. Petitioner's request for relief is based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Government has filed a response opposing Petitioner's motion, (Doc. #55, Gov. Resp.). Petitioner has filed a reply to the Government's response. (Doc. # 416, Pet. Reply).

Because the files and records of the case conclusively establish that Petitioner is not

1

entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is not necessary and the decision is therefore ready for a decision by this Court. For the reasons set forth below, Petitioner's motion to vacate will be **DENIED**. Moreover, the Court declines to issue a certificate of appealability.

## BACKGROUND

On April 18, 2013, Petitioner pleaded guilty "to Counts Seven, Eight, Nine and Ten of the Second Superseding Indictment which charge two counts each of Robbery Affecting Interstate Commerce and Using or Carrying a Firearm During and in Relation to a Federal Crime of Violence." (Rule 11 Plea Agreement at ¶ 1A).

On February 19, 2014, this Court sentenced Petitioner to 40 months on each, Counts 7 and 9, to run concurrent to each other, to 80 months on Count 8, to run consecutive to all other Counts, and to 120 months on Count 10, to run consecutive to all other counts, for a total term of 240 months of imprisonment. (Doc. # 282). Petitioner did not file a direct appeal.

On August 16, 2016, Petitioner filed a Motion to Vacate Sentence, brought pursuant to 28 U.S.C. § 2255. (Doc. # 399). Petitioner seeks to have his convictions vacated in light of *Johnson*. The Government has filed a response in opposition (Doc. # 408) and Petitioner has filed a reply. (Doc. # 416).

## STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct

2

the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."). Because the files and records of the case conclusively show that Petitioner is not entitled to relief as to any of the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

## ANALYSIS

The Government opposes Petitioner's motion on two alternative grounds: (1) the motion is untimely; and (2) even if timely, *Johnson's* holding does not extend to § 924(c) convictions. The Court agrees that Petitioner's motion is time-barred by the AEDPA's one-year statute of limitations. Moreover, even if timely, Petitioner's motion fails on the merits because Petitioner may not rely on *Johnson* to collaterally attack his § 942(c) conviction.

**A.     Petitioner's § 2255 Motion is Time-Barred by the Applicable Statute of Limitations**

3

Section 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because Petitioner relies upon the Supreme Court's decision in *Johnson*, which recognized a new right that has since been made retroactive on collateral review, § 2255(f)(3) governs. *Johnson* was decided on June 26, 2015. As such, the one-year limitations period would have ended on June 26, 2016. Petitioner was therefore required to file the instant motion on or before that date. Here, Petitioner filed his motion August 16, 2016 – nearly two months after the limitations period had lapsed. As such, Petitioner's motion is untimely.

Moreover, Petitioner is not entitled to equitable tolling. "Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotations omitted).

Petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

4

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations and quotations omitted). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

In his reply, Petitioner explains why his § 2255 motion is untimely: "Do [sic] to the fact that I do most of my time in the (SHU), I did not have the proper paperwork that I needed to file at that time. I was in the (SHU) from 3-3-16 TO 8-3-16." (Pet. Reply at Pg ID 3804). Petitioner has not demonstrated that he is entitled to equitable tolling.

First, Petitioner fails to indicate whether he has been diligently pursuing his rights. Second, Petitioner does not explain why his placement in the SHU for several months prevented him from filing the motion prior to being admitted to SHU on March 3, 2016. The Court is not convinced that Petitioner's temporary placement in SHU constitutes the type of extraordinary circumstance contemplated by *Holland*. As such, Petitioner has failed to apprise the Court of any basis under which this Court could find the § 2255 motion timely.

**B.     Even If Timely, Petitioner May Not Rely on *Johnson* to Collaterally Attack § 924(c) Convictions**

Even if Petitioner had filed his motion within the limitations period, *Johnson* does not provide Petitioner with the relief he seeks. Petitioner appears to be relying on *Johnson* to collaterally attack his 18 U.S.C. §§ 1915 and 924(c) convictions. Petitioner's position is that *Johnson* reaches § 924(c)'s definition of a "crime of violence" since section 924(c)(3) includes a residual clause similar to the ACCA residual clause invalidated in *Johnson*. *See* 18 U.S.C. § 924(c)(3)(B).

Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of violence" is subject to a mandatory minimum sentence. For purposes of § 924(c), a "crime of

violence" is a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 924(c)(3). "The first clause, 924(c)(3)(B), is commonly referred to as the 'force' clause. The second, 924(c)(3)(B), is commonly referred to as the 'residual' clause[.]" *United States v. Moore*, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016).

Here, the predicate crime of violence charged in this case was a Hobbs Act robbery (*i.e.*, robbery affecting interstate commerce). A Hobbs Act robbery, by definition, requires "actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). This definition fits squarely within the definition of "crime of violence" as set forth the "force" clause of § 924(c)(3)(A). Thus, there is no need to resort to the "residual" clause of § 924(c)(3)(B) to determine whether a Hobbs Act robbery constitutes a "crime of violence" for purposes of § 924(c) firearm charges. *See Washington v. United States*, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016) ("Courts both within this Circuit and outside of it have held, even in the wake of *Johnson*, that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause").

Moreover, even if it were necessary to rely upon the residual clause of § 924(c)(3)(B) to establish whether or not a Hobbs Act robbery constitutes a "crime of violence," Petitioner would still not be entitled to the relief he seeks. To the extent that Petitioner is arguing that the residual clause under § 924(c)(3) is vague and unconstitutional because it uses the phrase "crime of violence" or because it contains a residual clause similar to that of the ACCA, this argument has

6

already been rejected by the Sixth Circuit and district courts within it.  *See, e.g., United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (rejecting the petitioner's "argument that *Johnson* effectively invalidated § 924(c)(3)(B)"); *Moore v. United States*, 2017 WL 68494 (N.D. Ohio 2017) (same).

C.      **Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right.  28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  As such, the Court declines to issue a certificate of appealability.

**CONCLUSION & ORDER**

For the foregoing reasons, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion (Doc. # 399) is **DENIED**. Additionally, this Court declines to issue a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 29, 2017

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on March 29, 2017, the foregoing document was served on counsel of record via electronic means and upon Adriane Foster via First Class mail at the address below:

Adriane Foster 48088039
MCKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701

s/J. McCoy
Case Manager