UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Case No. 12-20218

ADRIAN FOSTER,                 Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Adrian Foster ("Foster") was convicted of robbery and related offenses and he is currently serving his prison sentence. The matter is before the Court on Defendant's second *pro se* Motion for Compassionate Release, brought under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

## BACKGROUND

Defendant Foster and his numerous co-defendants in this case committed a series of armed robberies in the metropolitan Detroit area, wherein he and his co-defendants robbed cellular telephone stores at gun point.

Foster pleaded guilty, pursuant to a Rule 11 plea agreement, to two counts of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1915, and two counts of Using or Carrying a Firearm During and in Relation to a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c).

This Court sentenced on January 31, 2014. At his sentencing hearing, this Court noted

the terror that was inflicted upon the employees of the stores that were robbed by Foster:

> On October 31, 2012, you and another individual entered the T-Mobile store located at 3151 East Jefferson Avenue in Detroit and robbed the employees of cellular telephones and cash.
> During the robbery, your co-conspirator brandished a semi-automatic pistol, which he ordered -- which he pointed to the employees, ordering them to bag up the cell phones and to later lie on the ground.
> I can only imagine the terror in these employees' minds or what they were experiencing when that was going on with the semi-automatic pistol pointing at them and told to lay on the ground, wondering whether or not they would ever get up from that ground and whether or not they were going to be shot and killed right there in that store.
> And can you imagine the nightmares those individuals have suffered since that occurrence, and will suffer for the rest of their lives, and the trauma, not only that they will have experienced and will experience, but also the trauma that places on their families as well, to deal with their situation.
> And of course afterwards, you and your co-conspirators went to Hamtramck and sold the phones for cash that was stolen during this robbery.
> And again, on December 1, 2012, Dismukes and Hill (sic) entered the RadioShack located at 15005 East Eight Mile Road, in Eastpointe, and robbed the place of their cellular telephones and cash. They brandished semi-automatic pistols, which they pointed at the employees and ordered them to the back of the store where the cellular telephones were stored. Approximately 30 or 40 iPhones were placed in bags and afterwards Dismukes and Holland fled on foot.
> Prior to the robbery, the location was chosen by Carpenter. And you entered the RadioShack to case the location and determine the employees -- how many employees were working prior to the time of the robbery. And of course you acted as a lookout with Carpenter during the robbery, and again you -- your crew later met at the store in Hamtramck and sold the stolen phones to the individual at the party store.
> And of course, as we know, you participated in six other robberies, for a total of eight robberies, acting at various points as lookout, getaway driver and as one of the, in fact, robbers of the store, again, guns -- involving guns, and violence and threats to average people who were just trying to earn a living, not much of a living in these stores. And just imagine the terror that they experienced as a result of your activities and the suffering that they have experienced and will experience.
> This is a very, very difficult day for many of your friends and your family, but again, let's just focus on the victims as well and what they have gone through. And they have a right to justice. So it is a very, very, very serious series of crimes that you were involved in.

(ECF No. 337 at PageID.3370). After considering all of the § 3553(a) factors, this Court

ultimately sentenced Foster to a total term of 240 months.

Foster did not file a direct appeal. Foster filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255. This Court denied that motion.

In May of 2020, Foster filed a Motion for Compassionate Release, that was based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). After full briefing by the parties, this Court denied that motion in an Opinion and Order issued on July 10, 2020. This Court concluded that Foster had not established extraordinary and compelling circumstances to reduce this sentence and, in addition, also concluded that a consideration of the § 3553(a) factors weighed against a reduction in any event.

On October 31, 2022, Foster filed this second *pro se* Motion for Compassionate Release. (ECF No. 643). This motion is not based upon concerns about COVID-19. Rather, Foster bases this motion on non-retroactive amendments to the stacking provision of 18 U.S.C. § 924(c) in the First Step Act. He also argues that a consideration of the § 3553(a) factors warrants a reduction in his sentence and notes that he has taken a number of courses during his incarceration and taken other steps to better himself and help other inmates. In support of his motion, Foster submitted various course-work certificates and letters of support.

The Government agrees that Foster has exhausted his administrative remedies but opposes the motion on the merits. It notes that Foster is currently 30 years old, that his current scheduled release date is February 19, 2030, and that Foster has thus served about half of his imposed sentence. The Government contends that Foster cannot show extraordinary and compelling reasons for a reduction because a non-retroactive change in sentencing law cannot be considered under existing Sixth Circuit precedent. The Government also argues that a

consideration of the § 3553(a) factors weighs against a sentence reduction in this case in any event.

## ANALYSIS

"Sentence modifications are the exception, not the rule. This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted). "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*. "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

A district court must deny a defendant's motion for compassionate release if the defendant fails to show that either extraordinary and compelling reasons warrant a sentence reduction or that a consideration of the § 3553(a) factors support a reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). And even if the prisoner has satisfied those requirements, "the district court 'may reduce the term of imprisonment,' but need not do so." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting § 3582(c)(1)(A)).

Here, Foster contends that his efforts towards rehabilitation, along with non-retroactive amendments to the stacking provision of 18 U.S.C. § 924(c) in the First Step Act, constitute extraordinary and compelling circumstances that warrant a reduction in his sentence.

In their briefs, the parties disagreed as to whether, under existing Sixth Circuit precedent, Foster's sentencing disparity argument can be considered, along with other factors, in determining whether extraordinary and compelling circumstances warrant a reduction. The Government noted that the Sixth Circuit may provide clarity on that issue when it issues the *en banc* decision in *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021), *reh'g en banc granted*, 29 F.4th 816, 817 (6th Cir. 2022). It did. *See United States v. McCall*, __ F.4th __, 2022 WL 17843865 (6th Cir. Dec. 22, 2022) (Holding that a nonretroactive change in sentencing law could not amount to an "extraordinary and compelling" reason for a sentence reduction).

Moreover, even if Foster could establish extraordinary and compelling reasons for a sentence reduction, this Court continues to conclude that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Foster's offenses *weigh strongly against* his release. Foster and his co-defendants robbed retail stores at gunpoint. As this Court stressed at Foster's sentencing, these are very serious and very troubling offenses.

To his credit, Foster has completed a number of courses while incarcerated and has worked to better himself and help other inmates.

But Foster has served less than half of his sentence for these very serious and troubling offenses and his long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide

just punishment and the need to promote respect for the law.

This Court does not believe that releasing Foster early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court continues to find that Defendant Foster is simply not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Foster's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: January 10, 2023